# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DIATATION LAMONT LANGHORNE** | ) | CASE NO. 7:17CV00071 |
| Petitioner, | ) | **MEMORANDUM OPINION** |
| | ) | |
| v. | ) | By: Norman K. Moon |
| | ) | Senior United States District Judge |
| **WARDEN,** | ) | |
| Respondent. | ) | |

Diatation Lamont Langhorne, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Fluvanna County Circuit Court. Respondent filed a motion to dismiss Langhorne's § 2254 petition, and Langhorne responded, making the matter ripe for disposition. After review of the record, I grant the motion to dismiss.

## I. Background

Diatation Lamont Langhorne was convicted by a Fluvanna County Circuit Court of habitual offender status and felony eluding the police. On May 31, 2013, the circuit court entered a final order sentencing Langhorne to seven years in prison. He appealed, but the Court of Appeals of Virginia denied his petition. Thereafter, a three-judge panel affirmed the appellate court's denial. On September 2, 2014, the Supreme Court of Virginia refused review.

On April 24, 2015, Langhorne moved to set aside his conviction, but the circuit court denied his motion on August 24, 2015. Langhorne did not appeal.

On September 10, 2015, Langhorne filed a "Writ of Error Coram Nobis and Motion to Vacate, Set Aside and Declare Null and Void a Defendant's Judgment and Conviction" in the Fluvanna County Circuit Court. On January 13, 2016, the circuit court denied Langhorne's

petition because he had not alleged any clerical error or error in fact. Langhorne appealed, but on December 15, 2016, the Supreme Court of Virginia affirmed the circuit court's dismissal.[1]

## II. Current Claims

On January 3, 2017, Langhorne filed the present petition. Thereafter, on March 31, 2017, he amended his petition, alleging the following four claims:

a. "Deprived of his constitutional rights . . . violation of U.S. Constitution Amendment 1, 6, and 14" (Am. Pet. 5);

b. "Miscarriage of justice . . . to allow an ex post facto violation to go on without correcting it and also not following proper procedures" (Am. Pet. 7);

c. "Ex post facto law . . . The trial court abolished the habitual offender law and is violating the ex post facto law by convicting and sentencing [Langhorne] under the habitual offender law after it was abolished on July 1, 1999 which is cruel and unusual punishment because sentencing [Langhorne] under the habitual offender law the punishment is more severe" (Am. Pet. 8); and

d. "Ineffective assistance of counsel . . . Court failed to follow proper procedures and attorney failed to object to the miscarriage of justice and

---

[1] In his coram nobis appeal, Langhorne argued four assignments of error: (1) The circuit court erred in stating that Rule 1:1 bars the court from vacating an order; (2) the court erred in failing to vacate as void the conviction and sentencing orders by completely side-stepping the issues at hand; (3) the circuit court erred in ignoring claim 2 of the Writ of Error/Motion to Vacate in that the orders are void due to lack of jurisdiction due to ineffective assistance of counsel; and (4) the circuit court erred in failing to recognize that the writ of coram nobis was filed as a combined Writ of Error and Motion to Vacate as mandated by Va. Sup. Ct. R. 3:18(e).

the court's depriving Langhorne [of] an opportunity to assert his innocence" (Am. Pet. 11).

### III. Discussion

*A. Exhaustion and Procedural Default*

Langhorne failed to properly exhaust his claims and thus his petition is procedurally barred.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). To meet the exhaustion requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles." *Kasi v. Angelone*, 300 F.3d 487, 501–02 (4th Cir. 2002) (internal quotation marks and citation omitted). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288 (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)).

Langhorne never presented his claims to the Virginia Supreme Court,[2] and it is now too late to do so under Va. Code § 8.01-654(A)(2). Therefore, his claims are simultaneously exhausted and defaulted under *Baker*.

---

[2] Langhorne did not directly raise any of his current claims to the Supreme Court of Virginia on direct appeal or in his coram nobis petition. Further, even if parts of his coram nobis petition overlap his federal habeas claims, Langhorne did not specifically assign error to the denial of his current claims, and mere similarity is not enough. *See Duncan v. Henry*, 513 U.S. 364, 366 (U.S. 1995). Further, Langhorne failed to exhaust his state remedies because he did not "fairly present" cognizable claims on collateral review. *Dobie v. Commonwealth*, 96 S.E.2d 747, 752 (Va. 1957) (holding coram nobis "lies for an error of fact not apparent on the record, not

3

## B. Excuse for Default

"If a claim is defaulted, then petitioner must fail on that claim unless he can show that cause and prejudice or a fundamental miscarriage of justice might excuse his default." *Bell v. True*, 413 F. Supp. 2d 657, 676 (W.D. Va. 2006) (citing *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)).

The "cause" prong requires a petitioner to demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must also show that "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). The "prejudice" prong requires a petitioner to show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id.* at 495. "[T]he 'cause and prejudice' test is framed in the conjunctive, the absence of cause makes unnecessary an inquiry into prejudice." *Davis v. Allsbrooks*, 778 F.2d 168, 176 (4th Cir. 1985).

Langhorne cannot demonstrate cause because he has not alleged that an objective factor, external to his defense, impeded him from raising his claims at an earlier stage. Since Langhorne fails to establish "cause," it is unnecessary to inquire into the prejudice prong. *See Davis*, 778 F.2d at 176.

Langhorne also contends that counsel was ineffective for failing to allow Langhorne to demonstrate his innocence, and also that "[t]he Attorney General's statement that the petitioner

---

attributable to the applicant's negligence, and which if known by the court would have prevented rendition of the judgment").

never appealed his case to the Supreme Court of Virginia is a text book example of Miscarriage of Justice." Pet'r's Resp. 3.

"Generally, a federal court may not consider claims that a petitioner failed to raise at the time and in the manner required under state law." *Teleguz v. Zook*, 806 F.3d 803, 807 (4th Cir. 2015) (citation omitted). However, "[an] exception is made for cases in which a compelling showing of actual innocence enables a federal court to consider the merits of a petitioner's otherwise defaulted claims." *Id.* at 807; s*ee Schlup v. Delo*, 513 U.S. 298, 316 (1995) (Actual innocence excuses procedural default.). For a petitioner to claim actual innocence, "[new] evidence must establish sufficient doubt about [a petitioner's] guilt to justify the conclusion that his [incarceration] would be a miscarriage of justice *unless* his conviction was the product of a fair trial." *Schlup*, 513 U.S. at 316 (emphasis in original).

At the threshold, "habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." *Id.* at 322. To state such a claim, the petitioner must satisfy a "rigorous" burden by "support[ing] his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."[3] *Schlup*, 513 U.S. at 324. Further,

---

[3] Importantly, the seminal "actual innocence" cases relied on compelling evidence of actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (holding that "'actual innocence' means factual innocence, not mere legal insufficiency."). In *Schlup*, a prison surveillance video showed the petitioner in the dining hall sixty-five seconds before guards responded to the murder he was charged with. The petitioner included affidavits that (1) professed the petitioner's innocence, (2) identified another inmate as the assailant, (3) stated that the petitioner could not have traveled from the dining hall to the murder scene in the known elapsed time, and (4) revealed that the petitioner had been unhurried, certainly not as if he was rushing away from a murder scene. *Schlup*, 513 U.S. at 335-40. In *House v. Bell*, the petitioner presented testimony that the victim's husband had admitted to several people that he had murdered his wife, and also called into question the prosecution's central forensic proof. 547 U.S. 518, 554 (2006) (holding that "the issue [was] close.").

5

"[h]aving been convicted . . . [petitioner] no longer has the benefit of the presumption of innocence. To the contrary, [petitioner] comes before the habeas court with a strong—and in the vast majority of the cases conclusive—presumption of guilt." *Id.* at 326 n.42.

After review of the supplemented record, I conclude that Langhorne has not proffered new reliable evidence establishing a colorable claim of actual innocence that would entitle his defaulted claims to receive federal habeas review. His factually unsupported, conclusory allegations fail to satisfy the *Schlup* standard.[4]

### IV. Conclusion

For the reasons stated, I will grant the motion to dismiss. Langhorne's petition is procedurally defaulted without excuse. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Langhorne and to counsel of record for Respondent. Further, concluding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability will be denied.

Entered this 23rd day of October, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[4] "Bare allegations" of constitutional error are not sufficient grounds for habeas relief; the petitioner must proffer evidence to support his claims. *Nickerson v. Lee*, 971 F.2d 1125, 1135 (4th Cir. 1992).

6